United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-31243
Summary Calendar
_____

SAU DINH,

Plaintiff,

LOUISIANA COMMERCE AND TRADE ASSOCIATION
SELF INSURER FUND,

Intervenor - Appellant,

versus

AMERICAN FREEDOM VESSEL; ET AL.,

Defendants,

KYE INC.,

Defendant - Appellee.
_____

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
USDC No. 2:03-CV-3013
_____

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

The Louisiana Commerce and Trade Association Self Insurer Fund

("LCTA") appeals the summary judgment in favor of KYE, Inc.

("KYE").[2]

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]Appellee KYE is no longer represented by counsel and did not file a brief. A July 15, 2005 letter to KYE from the clerk of this

LCTA was the workers' compensation carrier for Structure Services Ltd. Pursuant to an "Out Source Agreement", Structure Services provided laborers, including plaintiff Sau Dinh, to work at KYE's shipyard. Dinh was injured while performing repair work aboard a vessel at KYE's shipyard. LCTA paid workers' compensation benefits to Dinh under the Longshore and Harbor Workers' Compensation Act.

The district court held that Dinh was KYE's borrowed employee, but that the indemnity clause in the contract between KYE and Structure Services barred LCTA's claim against KYE for reimbursement of the LHWCA benefits LCTA had paid to and on behalf of Dinh.

On appeal, LCTA argues that the district court erred by ruling that the indemnity clause in the Structure Services/KYE contract bars or defeats LCTA's reimbursement claim. LCTA's claim is based on Total Marine Services, Inc. v. Director, OWCP, 87 F.3d 774, 779 (5th Cir. 1996), in which this court stated that "a borrowing employer is required to pay the compensation benefits of its borrowed employee, and, in the absence of a valid and enforceable indemnification agreement, the borrowing employer is required to reimburse an injured worker's formal employer for any compensation benefits it has paid to the injured worker."

court was returned with the following notation: "Box Closed No Forwarding Order on File".

The contract between Structure Services and KYE provides: "Structure Services, Ltd. agrees to indemnify and hold [KYE] harmless from any claim due to negligence or injuries of their employees or by any governmental claim for withholding taxes, F.I.C.A. taxes and unemployment taxes attributable to covered workers." The district court held that this language constitutes a "valid and enforceable indemnification agreement" under <u>Total Marine</u> that relieves KYE of its obligation to reimburse LCTA for compensation benefits LCTA paid to Dinh.

LCTA argues that this provision should not bar its reimbursement claim because the provision is ambiguous and does not expressly provide indemnity for LHWCA liabilities. It also contends that reference to other portions of the Agreement supports its contention that indemnity for LHWCA liabilities was not mutually intended by the indemnity language. Specifically, LCTA notes that the contract does not require a waiver of the right of any insurer of Structure Services to recover from KYE. Finally, LCTA contends that any arguable indemnity obligation to KYE on the part of Structure Services should not bind LCTA because it is not a party to the contract.

The district court considered and rejected all of LCTA's contentions, reasoning, in its ruling from the bench:

> [T]he contract, although it could have been more artfully written, ... must [be] give[n] its plain and common sense meaning. Clearly, this is an arrangement where a labor pool employer is providing employees to KYE

3

and, as part of that arrangement, the labor pool employer provides the Workers' Comp insurance, among others. That's one of the reasons for the agreement. So, they would administer the Workers' Compensation claims as set forth in the contract and be responsible for the insurance.

It would be sheer folly to go through this arrangement and then to be open to ... paying the claim without insurance.

....

[T]he Court interprets the word "injuries" in that [indemnity] clause, in general, as an indemnification clause, as contemplated by <u>Total</u> and its progeny. And, that's the only way it really makes any sense in this context.

Based on our <u>de novo</u> review of the summary judgment record in this case, we agree with the district court's reasoning and conclusion. The summary judgment is, therefore,

AFFIRMED.